UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NAKIA L. BROOKS | CIVIL ACTION |
| VERSUS | NO. 23-3181 |
| UNITED SERVICES AUTOMOBILE ASSOCIATION | SECTION M (1) |

## <u>ORDER & REASONS</u>

Before the Court is the motion of plaintiff Nakia Brooks for reconsideration of this Court's November 9, 2023 Order & Reasons dismissing the case for lack of diversity jurisdiction.[1] Defendant United Services Automobile Association ("USAA") opposes the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

## I.    BACKGROUND

This is an insurance coverage dispute arising out of damage to plaintiff's property sustained during Hurricane Ida, which made landfall on August 29, 2021. At the time the hurricane made landfall, plaintiff's property was covered by a homeowners insurance policy issued by USAA.[3] Brooks filed suit in this Court on August 7, 2023, raising claims for breach of contract against USAA and invoking the Court's diversity subject-matter jurisdiction under 28 U.S.C. § 1332. Brooks stated that she is a resident of Louisiana, and that USAA is incorporated under the laws of Texas with its principal place of business in Texas.

---

[1] R. Doc. 17 (citing R. Doc. 14).
[2] R. Doc. 18.
[3] R. Doc. 1 at 1-2.

Thereafter, USAA filed a motion to dismiss, arguing that the Court lacks jurisdiction over this case because Brooks and USAA are both citizens of Louisiana.[4]  The Court granted the motion on November 9, 2023, after Brooks failed to file an opposition and upon finding that USAA is a reciprocal interinsurance exchange that has members in all 50 states and is thus a citizen of every state, including Louisiana.[5]  The Court then entered judgment dismissing the case.[6]  Brooks now seeks reconsideration of the order of dismissal.

## II.    PENDING MOTION

In support of her motion for reconsideration, Brooks points to a notice of removal filed in another case by USAA's counsel wherein USAA General Indemnity Company ("USAA GIC") alleges that it is a Texas corporation.[7]  Brooks also argues that records filed by USAA-related entities with the Louisiana Secretary of State and the Louisiana Department of Insurance show that USAA is actually a citizen of Texas.[8]  Lastly, Brooks cites *Moore v. United Services Automobile Ass'n*, 819 F.2d 101 (5th Cir. 1987), a Fifth Circuit case in which the court referred to USAA as a Texas corporation.[9]

In opposition, USAA states that Brooks has not shown that the Court's order of dismissal suffers from manifest errors of law or fact, or that any of the facts she now asserts could not have been discovered earlier.[10]  Nonetheless, USAA argues that the notice of removal cited by Brooks has no bearing here because the defendant in that case is USAA GIC, not USAA, and that these are two separate and distinct entities.[11]  USAA also cites recent case law specifically disregarding

---

[4] R. Doc. 13.
[5] R. Doc. 14.
[6] R. Doc. 15.
[7] R. Doc. 17-1 at 1-3.
[8] *Id.* at 2.
[9] *Id.* at 3.
[10] R. Doc. 18 at 4.
[11] *Id.* at 5-6.

the jurisdictional statement in *Moore* and holding that USAA, when properly treated as an unincorporated association, is a citizen of every state, including Louisiana.[12]

## III.    LAW & ANALYSIS

### A.  "Reconsideration" Standard

The Federal Rules of Civil Procedure do not formally recognize a motion for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit has consistently treated a motion for reconsideration filed in the wake of a final judgment as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure when filed within the time limit set by the rule. *See, e.g.*, *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019); *Dillard v. Davis*, 2023 WL 6162767, at *1 (5th Cir. Sept. 21, 2023); *Celino v. Biotronic, Inc.*, 2022 WL 1449181, at *1 (5th Cir. May 9, 2022). A Rule 59(e) motion for reconsideration calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Under the rule, a movant must show that reconsideration is necessary (1) to correct a manifest error of law or fact upon which the judgment is based; (2) to consider newly discovered evidence that was previously unavailable; or (3) to address an intervening change in the controlling law. *Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020).

"A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001). Thus, the motion cannot be used to raise arguments which could, and should, have been made before judgment issued. *In re Life Partners*, 926 F.3d at 128. And while a district court has considerable discretion to grant or deny a Rule 59(e) motion for

---

[12] *Id.* at 7 (citing, for example, *Ourso v. United Servs. Auto. Ass'n*, 2007 WL 275902, at *2 (E.D. La. Jan. 25, 2007)).

3

reconsideration, *see Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993), the grant of such a motion is an "extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Emps.' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004).

### B. Analysis

Brooks does not expressly argue that this Court's order of dismissal suffers from manifest errors of law or fact, or that reconsideration is justified by an intervening change in the controlling law. Instead, Brooks cites to recent case filings and records from the Louisiana Secretary of State and Louisiana Department of Insurance, apparently as "newly discovered evidence" that would warrant reconsideration. However, even if the arguments or facts raised by Brooks in the instant motion are deemed "newly discovered evidence," they would not change the outcome of the Court's order.

In her motion for reconsideration, Brooks first points to *Mohon v. USAA General Indemnity Co.*, No. 23-6645 (E.D. La.), a recent case in which counsel for USAA filed a notice of removal on behalf of USAA GIC, invoking diversity subject-matter jurisdiction. Brooks argues that USAA is "attempting to 'have its cake and eat it too,'" by claiming Texas citizenship in *Mohon* to remove that case to federal court, but claiming to be a citizen of every state, including Louisiana, in this case to have it dismissed.[13]  This argument lacks merit. The removing defendant in *Mohon* is USAA GIC, not USAA. These are different entities with different citizenships for diversity jurisdiction purposes. While USAA GIC is a Texas corporation, USAA is a "reciprocal insurance organization that has members in all 50 states, and therefore is a citizen of Louisiana for diversity purposes." *Miles v. United Servs. Auto. Ass'n*, 2023 WL 5974859, at *1 (E.D. La. Sept. 14, 2023);

---

[13] R. Doc. 17-1 at 2-3.

*see McIntosh v. USAA Gen. Indem. Co.*, 2021 WL 211086, at *2 (S.D. Ill. Jan. 21, 2021) ("The plaintiff sued USAA General Indemnity Company, a Texas corporation – not USAA, the unincorporated association."), *cited in Halter v. United Servs. Auto. Ass'n,* 2023 WL 6466256, at *1 n.3 (W.D. La. Oct. 4, 2023); *see also Dubose v. United Servs. Auto. Ass'n*, 2023 WL 5219807, at *2 (W.D. La. Aug. 14, 2023) (dismissing case for lack of diversity jurisdiction because plaintiff sued USAA, "a citizen of every state, including Louisiana," and denying plaintiff's motion to amend to name yet another USAA entity that is "a citizen of Texas"). Indeed, as quoted by plaintiff herself, USAA GIC stated in its corporate disclosure statement in *Mohon*:

> USAA General Indemnity Company ("USAA GIC") is a Texas corporation. It is not publicly held. It is a wholly owned subsidiary of United Services Automobile Association ("USAA"). USAA is a reciprocal interinsurance exchange domiciled in Texas that is an unincorporated association. USAA has no parent corporation and is not a publicly traded company.[14]

Because it was USAA GIC – and not USAA – that alleged diversity subject-matter jurisdiction in removing *Mohon* to federal court, that case is not relevant here.

Brooks also relies on records filed with the Louisiana Secretary of State and the Louisiana Department of Insurance. Brooks argues that the only USAA-related entity listed on the Louisiana Secretary of State's website is USAA Insurance Agency, Inc., which lists its domicile address as San Antonio, Texas.[15] Brooks does not explain how this proves that *USAA* is a citizen of Texas. Moreover, a company's domicile does not necessarily equate to its citizenship. Brooks also cites the Louisiana Department of Insurance records which shows USAA GIC, USAA Casualty Insurance Company, and USAA Life Insurance Company as having Texas domiciles.[16] Again, the domiciles of these separate and distinct entities have no bearing on USAA's citizenship.

---

[14] *Mohon*, No. 23-6645 (E.D. La.), R. Doc. 3.
[15] *See* R. Doc. 17-1 at 2.
[16] *Id.*

Lastly, Brooks cites *Moore*, a Fifth Circuit opinion from 1987 in which the court introduced USAA as a "Texas corporation with its principal place of business in Texas."  819 F.2d at 101. Later in the opinion, however, the court expressly limited its holding by stating that its "analysis [was] solely based on the separateness and independence of the claims asserted," and that it was "neither mak[ing] nor intimat[ing] any view of the validity of any claim advanced by [the plaintiff] or any defense of USAA."  *Id.* at 104.  Further, other sections of this court have repeatedly held that USAA is a reciprocal interinsurance exchange that is a citizen of every state in which its members are citizens, despite the statement in *Moore*, since that opinion did not specifically address USAA's status as an unincorporated association.  *See Ourso*, 2007 WL 275902, at *2 (stating that, because the *Moore* opinion "did not specifically address USAA's status as an unincorporated association" and was "decided before the Tenth Circuit ruled in *Tuck* [*v. United States Auto. Ass'n*, 859 F.2d 842 (10th Cir.1989)]," that USAA, as a reciprocal interinsurance exchange, should be treated as an unincorporated association, *Moore* was "not dispositive of the issue at hand"); *Bluth v. United Servs. Auto. Ass'n*, 2007 WL 9782522, at *3 (E.D. La. Mar. 9, 2007) ("The Court [in *Moore*] did not discuss whether USAA, as a reciprocal interinsurance agency, was an unincorporated association or otherwise imbued with Texas citizenship by the Texas law under which it was formed.  Thus, *Moore* is neither authoritative nor particularly helpful in determining the citizenship status of USAA as a reciprocal interinsurance agency." (internal citation omitted)); *Deleo v. USAA Ins. Co.*, 2009 WL 10680686, at *1 n.1 (E.D. La. May 11, 2009) (observing that, in *Moore*, "the Fifth Circuit did not specifically address USAA's status as an unincorporated association," and that "[t]his Court cannot ignore well-established precedent that as an unincorporated association, USAA is a citizen of every state in which its members are citizens.").

In sum, Brooks has not identified a manifest error of law or mistake of fact, nor presented the Court with any newly discovered evidence that would justify reconsidering the Court's order of dismissal. As explained in that order, courts within the Fifth Circuit have routinely held that USAA is an interinsurance exchange (treated as an unincorporated association for diversity jurisdiction purposes) with members in every state and is thus a citizen of every state, including Louisiana,[17] and Brooks has failed to show otherwise.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that plaintiff's motion for reconsideration is DENIED.

New Orleans, Louisiana, this 30th day of November, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[17] R. Doc. 14 at 1 n.3 (citing *Miles*, 2023 WL 5974859, at *1 ("Several federal courts have held that USAA is a 'reciprocal insurance organization that has members in all 50 states, and therefore is a citizen of Louisiana for diversity purposes.'"), *Cruz v. United Servs. Auto. Ass'n*, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021) ("[N]umerous sections of this Court have found that USAA is a reciprocal insurance organization that has members in all fifty states, and therefore is a citizen of Louisiana."), and *Drake v. United Servs. Auto. Ass'n*, 2020 WL 6262996, at *1 (E.D. La. Feb. 28, 2020) ("USAA is a reciprocal interinsurance exchange, which is treated as an unincorporated association for the purposes of determining diversity jurisdiction. … [I]ts members reside in all 50 states, including Louisiana.")).